This case this morning is Hamilton v. Hastings for the appellant Mr. Heller and for the athlete Mr. Gradlock. You may proceed. Thank you, Your Honor. May it please the court, counsel. When a verdict is wrong and a plaintiff gets a verdict that is unexpected, there's never any hesitancy to take that verdict away from the plaintiff. It seems that it's somewhat more difficult for the court to say, hey, a jury made a mistake and didn't give a plaintiff a verdict and the plaintiff should have had a verdict. And that's exactly what happened here. There could be no clearer circumstance where a defendant was guilty of negligence as a matter of law and caused an accident than in this case. The plaintiff goes out and sees that it's snowing and slick. As he goes down the road, his wife sees a car coming around the corner and they know it to be the defendant's truck. So he pulls as far over to the right as he can. He slows to four or five miles an hour. There's a drop-off to his right and so he's watching to make sure he doesn't drive off the cliff. The defendant, by his own admission, loses control of the car, slides across into the wrong lane of traffic, and hits the plaintiff's car. And the jury returns a verdict for the defendant. How can that be? How can that not possibly be negligence? What was the plaintiff required to prove? That the defendant lost control of his vehicle? He proved that. He admitted that. That he was in the wrong lane of traffic? He admitted that. There was absolutely no evidence of anything that the plaintiff did that caused this accident with the exception of there was the allegation that he didn't keep a good lookout. That is that he watched where he was going instead of watching the oncoming defendant's car striking. So let's assume that the testimony had been that as he slowed over, the hand of God kept him on the road so he didn't need to watch where he was going, and he watched the defendant slide into him. How would that have changed what happened? The fact that he either was or was not watching that car didn't cause this accident. Unless he had telepathic powers in order to stop the car, the fact that he was watching where he was going isn't a cause at all. In fact, or approximate cause of the accident, it clearly wouldn't be more than 50% of the cause of the scratch. There was only one cause. And that is the defendant lost control of his truck, he slid across in the wrong lane of traffic, and as opposed to the cases which we cited, his only excuse was, well, I was going the same speed I was when I went to town a couple of hours earlier. That isn't a test for not being negligent. The question, why do these things happen? Well, maybe it was when the defendant said, I didn't know the neighbor would sue me and try and take money from my family, and suggesting somehow that if there was a judgment against him, his parents would have to pay the judgment, which we know isn't true. Maybe it was a personality thing. Maybe they didn't like plaintiff's counsel or who knows. But the point is that this is a case where the jury clearly did not follow the evidence. Mr. Heller, they returned a general verdict for the defense, right? Correct. Could they have found that the plaintiff did not receive any injuries as a result of the accident? Because it seemed to me he declined medical treatment at the time of the accident. He declined transportation to the emergency room, that's correct. The problem with that is that there was not any evidence to support that. Well, as I recall, the chiropractor, who was probably the best witness for your client, testified that all of the objective findings on radiology reports were from degenerative arthritis and had occurred prior to the accident. He also testified that in his opinion the collision miter could have caused the pain, that it did cause the pain, that he was injured as a result of the accident. Correct, but what I'm getting at is basically he treated your client for whiplash injuries. That's correct. There were no objective findings, and it seemed like the other side made a lot out of that in their arguments to the jury. So all I'm saying to you is it's possible the jury may have thought the defendant didn't keep his car under control and obviously caused the accident, but that the injuries that the plaintiff complained of were not caused by the accident. The problem with that is that it is okay under the law for a jury to ignore a witness, but they can't ignore all the witnesses. And Dr. Ward specifically said that the care and treatment he gave was approximately caused by the collision, that it was fair, reasonable, and customary charges, and that the services were necessary as a result of the collision. And that testimony with regard to the medical bills, for example, is uncontroverted. So is the standard, are we going to change the standard? The jury is entitled to ignore all of the evidence? Can they simply say we're not going to believe any witnesses, we're going to do what we want to do without regard to what the evidence is? The physician testified that your client only came to two office visits as a result of the accident. That's correct. And that those headaches that he complained of could have been caused by the accident. Of course, that's the standard, might or could. That's the way the question is supposed to be phrased, and he answered in the affirmative. If there had been any dispute whatsoever that there wasn't any, if there had been even a scintilla of evidence to the contrary, you're absolutely right, the jury had a right to accept it. But the question is, can they simply ignore everything the witnesses say? When I was on the IPI committee, there was, after the Black Ice case, there was a lot of discussion as to whether the committee should adopt a well, stuff happens instruction. It was generally the consensus that that's not the law in Illinois, that you can't just say, well, things happen, and so the jury is free to award whatever verdict they want without regard to the evidence. But that's exactly what happened here. There can't be a clearer case of defendant being negligent and the plaintiff exercising all of the care he could have and anything the plaintiff did not causing this collision. It's just a case where, for whatever reason, the jury elected to ignore the evidence and to enter a verdict for the defendant. Did they not want to stay and talk about damages? Did the questioning during court here, the mere fact that there is a collision, that doesn't necessarily mean negligence? Did they choose upon that language and think that that was then the law in Illinois? I'm curious. How would you differentiate this case from the multiple cases that you're familiar with that involve a low-speed collision and chiropractic care only, where maybe negligence is admitted and there's a defense verdict and it's based simply on that issue of medical causation? Isn't the jury in that circumstance free to reject the chiropractor's testimony or whoever the medical care provider is where that is the focus of the dispute, even if there isn't a defense expert? But you know these cases that I'm talking about, and oftentimes there is a defense verdict and it's because of that issue. I guess it gets down to this. If the jury can reject all of the testimonies before them and base their verdict on their analysis of whatever, and it's not based on the evidence, then we've changed the standard. I'm suggesting to you that, yeah, I've seen those cases. Are they right? I don't think so. If there is absolutely no evidence in the record to support the jury's verdict, then it's the court's obligation to change that. Just as if the plaintiff had gotten the verdict and awarded, for example, in a case like this $400,000 for future medical and they did it because they thought, well, he'll have to have surgery, but there's no evidence in the record to support that, the court would have no hesitancy in reversing or vacating that part of the verdict. The question is, does there have to be a scintilla of evidence to support the jury's verdict? Or are they free to simply do whatever they want? Can they reject all of the evidence in the case and make up their mind just based on what they want the result to be? And until this point in time, the answer to that question is no, they cannot. We're asking that the court transplant the new trial and remand this case to the circuit court. Mr. Heller, in your brief, you asked us to enter a judgment of liability and remand for a trial on damages. I actually believe that that's appropriate. This is not a case where there really is any question about the facts. Everybody agreed that the facts are what they are, and that is that the defendant crossed the line. He's offered no explanation other than, well, I did it a couple of hours earlier. You know, that argument, well, I took the corner here at 9th Street at 80 miles an hour, and I did it just fine in the rainstorm at 8 o'clock, but gosh, when I came back at 9.30, I missed a corner and I got a pedestrian. The fact that, and that was the only explanation for his speed in what is described as an extremely slick circumstance. There's no evidence that this isn't a Black Ice case where he didn't know it was there or it surprised him. On the way to town, he was going down the hill. By his own testimony, he said, I came around the curve, I hit the gas, and when I hit the gas, I lost control of my car and I slid across and I hit the plane. There really isn't any dispute about that. What I'm getting at is in your post-trial motion in front of the trial court, you asked for a new trial. That's correct. You didn't ask for a judgment NOV. Well... But on appeal, it seemed to me after I read your brief, you were asking for a judgment NOV and a trial on damages. I believe that where the issue of negligence doesn't affect the issue of damages and whereas here, a new trial necessarily indicates a finding of culpability as a matter of law of the defendant, we don't need to litigate that. But I think we're arguing over... Well, I'm not sure because procedurally, I think in order to preserve... That's fine. I'm willing that this court remand for a new trial. Okay. All right. Mr. Bradlaugh? Good morning. Case in court, counsel. Obviously, we have an unusual case here, particularly in Coles County, where there is, in fact, a defense verdict. The court's issue and the issue before this court, the trial judge denied the motion for a new trial. And so the issue before that, before this court, excuse me, is whether or not the jury's verdict was against the manifest weight of the evidence and whether or not the trial court used her discretion and she denied the motion for the trial. As your honors are well aware, in order to show and prove that the verdict was against the manifest weight of the evidence, the plaintiff on appeal must show that there was no evidence upon which the jury could have based its verdict or that the verdict was unreasonable or arbitrary. There was ample evidence in this case to support the jury's verdict. What's the ample evidence? Very simply, the jury could well have found that the defendant, Mr. Hastings, simply was not negligent based upon several factors. Number one is he had driven on that exact same road an hour to an hour and a half before that at the same speed, did not lose traction, did not slide, did not skid, had no difficulties whatsoever. He's driving the same vehicle, four-wheel drive truck, comes back the same road. He testified that the road conditions had not changed. He had no reason to believe that he would lose traction. Well, there's one difference because he was going downhill to begin with and coming uphill coming back, right? That's something the jury could have considered. He could potentially have said, yes, we believe he's negligent based upon that different travel of direction. But this jury did not decide that. This jury decided that based upon his knowledge of the road conditions, the vehicle he's driving, there simply was no evidence proven to them that there was negligence. And they could well have decided that. There is evidence upon which to base that decision. It's very similar to the Egan case that I cited to the court in the brief, where in that case the first district appellate court examined the same issue and said, could the jury reasonably have found that this driver was not negligent when she was driving at a reduced speed, had been on the same road surface, didn't have any trouble earlier in the day. You remember that case where one of the defendants lost control of her car, crossed the center line and actually hit a truck out in a field killing three passengers. The court there said, yes, there was evidence there upon which the jury could have determined she was not negligent. It's very similar to this case. And the court in that decision talked specifically about the defendant's knowledge of the road conditions and the fact that she was not going too fast for the conditions based upon the difference between the applicable speed limit and her own speed. It's like in this case where Mr. Hastings said, I went 15 or 20 miles an hour. There was no contrary evidence. The plaintiff had no estimates as to the speed limit of the driver. There is evidence upon which the jury could and apparently did reach the decision that Mr. Hastings was not negligent. Going to Justice Pope's scenario that she asked Mr. Heller about, assumed that the jury did find that your client was negligent and that he caused the accident. What evidence is there in the record upon which the jury could properly reject the medical causation that Mr. Heller said was unrebutted? I, contrary to Mr. Heller's position, believe that the jury is certainly entitled to disregard and determine credibility of witnesses regardless of who that witness may be, whether it's a chiropractor, whether it's a physician, whether it's me. The jury determines credibility as well. The evidence I think was clear, and certainly that's a possibility, that the jury could have decided there were no injuries caused by this collision. You remember that the chiropractor testified that he had treated Mr. Hastings for similar problems before this accident ever happened. There were no objective signs of any injury. Mr. Hamilton didn't make any complaints of injury at the scene. So the jury could well have concluded, we don't believe the chiropractor who testifies that these problems were, in his opinion, related to the accident. Again, the question is, is there any evidence upon which the jury could have reached these determinations? We don't require juries to accept all testimony of base value. That is uniquely the function of a jury, is to determine the weight to accord to testimony and evidence, to evaluate it and determine whether it's believable at all. So I think certainly a jury could reasonably have concluded that in that case as well. Obviously we have focused our arguments on the liability issues, but we don't know why the jury decided what they did. But that is true. So to some extent we're all required to speculate. It's entirely possible that the jury could have said simply, Mr. Hastings is not negligent. It's entirely possible that the jury could have said that Mr. Hamilton was negligent, and his negligence exceeded that of Mr. Hastings. I think that's probably less likely. I would say very much less likely. Mr. Hamilton testified he was going about five miles an hour. Right. And hugging the right of the road, he was trying to stay as far away from that center line as he could. So he did, in my opinion, reading the record, he did everything he could to avoid the accident. Except. And your client lost control of his car and came into the his lane of travel. So, you know, I kind of get Mr. Heller's point. It seems to be a clear case. There's no doubt your client caused the accident. The issue is whether he was negligent when he did that. And the jury apparently found he was not negligent when he did that. They could have found him negligent but found no medical causation. That's very possible. They could also have respectfully concluded that Mr. Hamilton was indeed negligent, but he failed to keep an eye on the truck. If he watched the truck, what would that have done? He saw it from 50 to 60 yards away. He would have required to take evasive action so that he doesn't get hit in his own lane of traffic going five miles an hour. He could have stopped if he saw the truck was out of control. His own wife warned him to keep an eye on the truck. He didn't do it. He didn't watch it. His wife would have said to Greg Nestor, look out for that truck. It looks like it could be a problem. That argument doesn't seem to be your strongest, in my opinion. I concur with that. But it's a possible basis for the jury's decision. The case here is a relatively simple one. The hard part is reviewing the jury's decision. I believe the jury had ample evidence upon which to base its verdict. And the trial judge, who was there and saw the witnesses and had to look at that, also said in her comments that maybe I wouldn't have decided this the same way the jury did. But there is evidence upon which the jury could have based this decision. That's why we have juries. Juries make decisions. And the trial court's role in reviewing that decision is somewhat limited, as is yours. We believe that the verdict of this jury should be upheld. There was evidence upon which it based its decision. It could have been one of any of the three possibilities we talked about. We don't know. That's the problem with a general verdict, is we're required to speculate somewhat. But the question is, is their verdict unreasonable, arbitrary, and not based on any of the evidence? Plaintiffs can't meet that burden, and this verdict should stay. Thank you. Thank you. Fellow Mr. Heller. Thank you. The problem with counsel's argument is that the verdict isn't based on any of the evidence. It's based on an argument, but not supported by the evidence. There is absolutely no evidence that the defendant did anything other than lose control of his vehicle, and he crossed the center line. Statutory violations sufficient to support a criminal conviction. In fact, he pled guilty to the criminal ticket, and in trial he said, well, I wanted to get my license back. I'd had tickets before, and I knew I needed to do that to get my license back. Of course, the problem with that is that his previous tickets were for DUI of a minor. But be that as it may, he admitted criminal culpability, and now they're saying there's no evidence of negligence in this case, or that the plaintiff was negligent, or that there was no injury when every witness who testified about the issue testified that there were injuries. Mr. Hamilton said, I was sore after that. The law has never required objective findings in order for the plaintiff to recover, and to require that would be a change in the law. Mr. Heller, was there a property damage claim encompassed within what the jury was to determine? No, the insurance companies had already resolved the property damage issues. That was not before the court. But the point is that the standard really goes back to Pedrick. Is this what a reasonable jury, no reasonable jury would reach this conclusion? No reasonable jury would say, it's okay to slide out of your lane of traffic and hit somebody, and then say, well, King's X, that's just the way things go. The law requires that you keep your car under control. The law requires that you reduce speed, even if you're already below the speed limit, based upon weather. And the jury was told that. They were told that this gentleman pled guilty to criminal culpability as a result of this. There can't be any question but that the defendant was negligent in this case, as we define negligence. And there is no evidence that there was no injury. So the real question before the court is, are we just going to turn juries loose and ignore the evidence and let them do whatever they want to do? Can we have a verdict that is unreasonable and supported only? The only way you can reach their conclusion is to ignore all of the evidence that's in the record. You've got to say, we didn't believe the chiropractor, we didn't believe the plaintiff, we didn't believe the plaintiff's wife, and there's no other witnesses, so we just aren't going to base this verdict on any of the evidence that's in there. And that isn't the law in Illinois, and it shouldn't be the law in Illinois. And so we're asking that the court reverse this and remand that. Thank you. We will take this matter under advisement and stand in recess until the readiness of the next witness.